MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the District Court of the Thirteenth Judicial District, Yellowstone County, Montana. The court dismissed an *407 appeal from the Yellowstone justice court and city court of Billings, Montana. Defendants had been driving under the influence of alcohol. We reverse and remand.
Defendant Jeffrey Waymire (Waymire) was arrested March 29, 1986. He was issued a ticket for driving under the influence of alcohol (second offense), and for driving with a suspended or revoked license.
There is a factual question whether he entered a plea of guilty or the plea was entered for him by the justice court. Accepting Way-mire’s version of the fact, he appeared in justice court April 1, 1986, was advised of the charge, the possible penalty, his right to remain silent, his right to an attorney, and his right to a jury or non-jury trial. He alleges he was then asked to enter a plea. He claims he stated to the judge he did not know the plea he wanted to enter and would exercise his right to remain silent. Apparently a ten or fifteen minute argument ensued, and it is Waymire’s contention the justice court entered a guilty plea and sentenced him, although he claims not to have entered a plea. He received a sixty day sentence in the county jail.
Waymire then contacted counsel who moved the justice court to set aside the guilty plea and to allow the plea of not guilty. The justice court refused to set aside the guilty plea.
Waymire appealed the sentence and judgment to the District Court for a trial de novo, two days after his initial appearance in justice court. After several settings of trial, to which he did not object, on September 23,1986, the State successfully moved to dismiss in the District Court for lack of jurisdiction. Thereafter, Waymire moved the District Court to reconsider its order granting the motion to dismiss, and provided a brief in support of the motion. The District Court remanded the matter to justice court for imposition of sentence. From these orders Waymire appeals.
Defendant Chester Metcalf (Metcalf) was arrested for driving under the influence of alcohol (second offense) or driving with a blood alcohol content of .10 or more. He appeared in Billings city court, signed a waiver of rights, and entered a plea of guilty. His sentence was a fine of $500, he was ordered to attend DUI court school, and was sentenced to six months in jail with a portion to be suspended upon completion of the school.
Apparently not satisfied with his sentence, Metcalf attempted to appeal to the District Court for a trial de novo. As in Waymire’s case, the District Court dismissed the appeal for lack of jurisdiction. *408 Metcalf now appeals the District Court’s order and asks for a trial in the District Court.
The issue whether a guilty plea in justice court or city court can be appealed to the District Court for a trial de novo is one of first impression. Authority from other jurisdictions is conflicting. Courts which do not allow an appeal reason that because a guilty plea is tantamount to a confession of judgment, there is nothing from which an appeal may be taken. In those jurisdictions which do not have general statutory or constitutional authority for appeal, courts which have allowed an appeal following a guilty plea do so primarily for policy reasons. Courts in jurisdictions where a trial de novo is permitted base their decision on general statutory authority regarding appeals, on state constitutional authority, or on policy.
“[T]he argument may well be made that it is a travesty upon justice that a defendant who has, with full knowledge of his rights, pleaded guilty and been sentenced in one court may thereafter change his mind and insist on his case being heard in another tribunal.”
Burris v. Davis (1935), 46 Ariz. 127, 46 P.2d 1084, 1086.
There is no constitutional right of appeal in Montana. The pertinent statute in this case is Section 46-17-311, MCA. It does not specifically allow appeal of a guilty plea, however.
Section 46-17-311, MCA, states in pertinent part:
“(1) All cases on appeal from justices’ or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.
“(2) A party may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment, except that the state may only appeal in the cases provided for in 46-20-103.”
The legislature made no distinction between a guilty plea and a finding of guilty by the court or jury.
We have held continuously for the last twenty-five years that the District Court and the Supreme Court have no appellate jurisdiction to review orders of the justice court. An appeal to the District Court for a trial de novo is the appellant’s exclusive remedy for an appeal of justice court proceedings. Adair v. Lake County Justice Court (Mont. 1984), [213 Mont. 466,] 692 P.2d 13, 14, 41 St.Rep. 2241, 2242. We adopt the rationale of the Arizona court in Burris, supra, *409 and hold that from the standpoint of reason, justice and public policy, appeals of a guilty plea in justice court or city court may be tried anew in District Court provided they are properly perfected.
The statutory bounds of the District Court are not exceeded by a decision based on sound public policy of avoiding injustice. This holding does not give the District Court original jurisdiction of a DUI case in violation of Section 3-5-302, MCA.
Therefore the judgment of the city court and of the justice court may be heard anew by the District Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY and HUNT concur.