No. 01-110

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 209

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DANIEL FOX,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gordon H. Williams, Bozeman, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant Montana Attorney General, Helena, Montana; Marty Lambert, Gallatin County Attorney, Todd Whipple, Deputy Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs: August 9, 2001

Decided: October 22, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Following his arrest for the crime of Partner or Family Member Assault, Daniel Fox (Fox) pleaded guilty in the Justice Court of Gallatin County to purposely or knowingly causing reasonable apprehension of bodily injury in a partner or family member. A few days later, Fox filed a motion to withdraw his guilty plea. The Justice Court denied his motion and Fox appealed to the District Court for the Eighteenth Judicial District, Gallatin County. The District Court subsequently dismissed Fox's appeal for lack of jurisdiction. Fox now appeals the order of the District Court. We affirm.

¶2 Fox raises the following issue on appeal: Whether the District Court erred in dismissing Fox's appeal of an order entered in the Justice Court denying his motion to withdraw his guilty plea.

## Factual and Procedural Background

¶3 On August 12, 2000, Fox was arrested and charged with the crime of Partner or Family Member Assault, a misdemeanor, in violation of § 45-5-206, MCA. Two days later, Fox appeared in Justice Court and indicated that he understood his rights, including his right to be represented by an attorney. Fox then waived his right to an attorney and pleaded guilty to the charge. He was sentenced to six months in jail, with all but 24 hours suspended, and a $250 fine.

¶4 On August 18, 2000, Fox filed a motion in the Justice Court to withdraw his guilty plea. He argued that he felt compelled to plead guilty because he had no money to post bail and he could not afford to miss any work by remaining in jail. A public defender was appointed to represent him during the pendency of his motion to change his plea.

¶5 The Justice Court subsequently denied Fox's motion to change his plea and, on August 31, 2000, Fox, acting *pro se*, appealed to the District Court. He argued that his guilty plea

was not knowing and voluntary and that he was never informed that by pleading guilty to the charge he would not be able to possess a firearm.

¶6 On September 15, 2000, the State filed a motion to dismiss Fox's appeal for lack of jurisdiction. The District Court issued a Memorandum and Order on November 13, 2000, wherein the court determined that it did not have jurisdiction to entertain the appeal because there is no statute or rule allowing Fox to appeal to the District Court on this issue. Hence, the court granted the State's motion to dismiss. Fox now appeals the District Court's order dismissing his appeal from Justice Court.

## Discussion

¶7 *Whether the District Court erred in dismissing Fox's appeal of an order entered in the Justice Court denying his motion to withdraw his guilty plea.*

¶8 Fox argues that the District Court's order dismissing his appeal was in error and that we should reverse the District Court and remand this case for an evidentiary hearing on his motion to withdraw his guilty plea. He contends that his guilty plea in Justice Court was "involuntary and not fully informed." The State argues, on the other hand, that there is no statutory right to appeal from a justice court's order denying a motion to withdraw a guilty plea.

¶9 Fox is correct when he argues that a guilty plea must be voluntarily and knowingly entered into. However, that is not the issue in this case. Our concern here is to determine whether the denial of a motion to withdraw a guilty plea in a justice court is appealable to a district court. We hold that it is not.

¶10 This Court has repeatedly stated that the right to appeal a criminal conviction from a justice court is purely statutory. *State v. Feight*, 2001 MT 205, ¶ 11, 306 Mont. 312, ¶ 11, ___ P.2d ___, ¶ 11 (citing *State v. Barker* (1993), 260 Mont. 85, 91, 858 P.2d 360, 363; *State v. Ward* (1994), 266 Mont. 424, 427, 880 P.2d 1343, 1345; *State v. Todd* (1993), 262 Mont. 108, 113, 863 P.2d 423, 426). Moreover, we stated in *Feight* that "a new trial in district court is the exclusive statutory appellate remedy from a justice court and that '[a] district court does not have appellate jurisdiction to review the correctness of legal conclusions made by a justice court.'" *Feight*, ¶ 11 (quoting *Todd*, 262 Mont. at 113, 863 P.2d at 426).[1]

¶11 Section 3-5-303, MCA, provides:

> Except as provided in 46-17-203, the district court has appellate jurisdiction in cases arising in justices' courts and other courts of limited jurisdiction in their respective districts *as may be prescribed by law* and consistent with the constitution. [Emphasis added.]

The noted exception, § 46-17-203, MCA, provides that entry of a guilty plea in justice court waives a defendant's right to a trial *de novo*. Section 46-17-203(2), MCA. This exception is applicable in this case because Fox pleaded guilty in the Justice Court thereby waiving his right to a trial *de novo*.

¶12 "Statutes relating to appeals are mandatory and jurisdictional, and, in a sense, prohibitory and jurisdictional in that they limit the right of appeal to the method expressly provided by statute." *Feight*, ¶ 14 (citing *Montana Power Co. v. Montana Dept. of Pub. Serv. Regulation* (1985), 218 Mont. 471, 479, 709 P.2d 995, 999; *State ex rel. Clark v. District Court* (1955), 128 Mont. 526, 528, 278 P.2d 1000, 1001; *In re Malick's Estate* (1951), 124 Mont. 585, 589, 228 P.2d 963, 965). Section 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction. *See Todd*, 262 Mont. at 113, 863 P.2d at 426. Section 46-17-311(2), MCA, provides that the district court must conduct a trial *de novo* after a lower court's "judgment is rendered following a trial." Here, because Fox pleaded guilty, there was no trial and no entry of judgment following a trial.

¶13 Section 46-17-311, MCA, does provide for a district court to review legal issues preserved for appeal pursuant to § 46-12-204, MCA. Specifically, a defendant may enter a guilty plea and, with the approval of the court and consent of the prosecution, reserve the right to appeal to the district court from "the adverse determination of any specified pretrial motion." Section 46-12-204(3), MCA. However, Fox did not reserve his right to appeal to the District Court or seek appellate review of a pretrial motion in compliance with this statute. Therefore, § 46-12-204, MCA, does not authorize his appeal.[2]

¶14 Fox relies on *State v. Doty* (1977), 173 Mont. 233, 566 P.2d 1388, for the proposition that a district court has jurisdiction to review a justice court's denial of a motion to withdraw a guilty plea. However, *Doty* was handed down more than a dozen years before the amendment to § 46-17-203, MCA, which specifically prohibits appeals from courts of limited jurisdiction following entry of a guilty plea. Moreover, *Doty* did not address

whether the defendant was entitled to appeal to a district court from a justice court, but rather, whether the defendant should have been permitted to discuss his case directly with the county attorney and subsequently change his plea without the assistance of his counsel of record. *Doty*, 173 Mont. at 237-38, 566 P.2d at 1391.

¶15 Fox also relies on *State v. Rogers* (1994), 267 Mont. 190, 883 P.2d 115, to support his argument that once the Justice Court issued an order denying his motion, that order became a final justice court proceeding which is subject to an appeal *de novo* by a district court. However, as we noted in *Feights*, *Rogers* is not on point because we did not discuss in that case the withdrawal of a guilty plea. Instead, *Rogers* dealt with an appeal following the revocation of a suspended sentence. There we reversed the district court's dismissal of the appeal and focused on whether a revocation of a suspended sentence was a criminal proceeding falling within the ambit of § 46-17-311, MCA (1993). *Rogers*, 267 Mont. at 193-94, 883 P.2d at 118.

¶16 Fox also turns to the legislative history of the 1989 amendment to § 46-17-203, MCA, that expressly prohibits *de novo* appeals to a district court following entry of a guilty plea in a justice or city court. However, there is no uncertainty or ambiguity in this statute, thus it must be applied as written. *Bradley v. North Country Auto & Marine*, 2000 MT 81, ¶ 13, 299 Mont. 157, ¶ 13, 999 P.2d 308, ¶ 13.

¶17 Accordingly, we hold that the District Court did not err in dismissing Fox's appeal of the Justice Court's order denying his motion to withdraw his guilty plea.

¶18 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶19 For the reasons set forth in the dissenting opinion of Justice Jim Regnier, filed in *State v. Feight*, 2001 MT 205, 306 Mont. 312, ____ P.3d _____, in which Justice Terry Trieweiler and I joined, I respectfully dissent. Fox is entitled to appeal the Justice Court's denial of his motion to withdraw his guilty plea pursuant to § 46-20-104, MCA, and § 3-5-303, MCA. I would therefore reverse the District Court's dismissal of Fox's appeal for lack of jurisdiction.

/S/ PATRICIA COTTER

1. As we noted in *Feight*, this Court has carved out two limited exceptions to this rule where the error complained of cannot be cured by a trial *de novo* in a district court: *State v. Barker* (1993), 260 Mont. 85, 858 P.2d 360 ("the constitutional protection against double jeopardy forbids a retrial on charges of which a defendant has been acquitted"); and *State ex. rel. Wilson v. District Court* (1995), 270 Mont. 449, 893 P.2d 318 (a district court can review a justice court's denial of a defendants motion to dismiss for lack of a speedy trial). *Feight*, ¶ 11 n.1. However, as was the case in *Feight*, neither a double jeopardy claim nor a speedy trial claim is at issue here.

2. The State, in its brief on appeal, suggests that the proper remedy in this case is to seek post-conviction relief from the District Court pursuant to §§ 46-21-101 through 203, MCA. We express no opinion as to this suggestion.