No. 00-803

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 114

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

ROBERT JOHN BOUCHER,

        Defendant and Appellant.

FILED

MAY 3 0 2002

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Mineral,
Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Mark E. Jones, Attorney at Law, Missoula, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General; Helena, Montana

            M. Shaun Donovan, County Attorney, Superior, Montana

Submitted on Briefs:  August 9, 2001

Decided:  May 30, 2002

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Robert John Boucher (Boucher) appeals the denial of his appeal to the Fourth Judicial District Court. Boucher entered a plea of guilty to driving under the influence of alcohol in Mineral County Justice Court. After judgment, Boucher moved to withdraw the plea, and the Justice Court denied the motion. Boucher appealed to the District Court, which both found that Boucher's plea had been entered voluntarily and dismissed the appeal due to lack of jurisdiction. This Court exercises subject matter jurisdiction by deeming Boucher's filing in the District Court as a petition for postconviction relief. On the basis that the record does not support a finding that Boucher entered his plea voluntarily, knowingly and intelligently, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Boucher received a citation for driving under the influence of alcohol (DUI), in violation of § 61-8-401, MCA, on November 11, 1999. He appeared in Mineral County Justice Court the following day and entered a plea of not guilty. At the time of his initial appearance, Justice of the Peace Wanda James advised Boucher of his constitutional rights, and Boucher signed a form that stated, in pertinent part:

> I understand that if you [sic] willingly and knowingly enter a guilty plea in this case, you [sic] are giving up your [sic] right to appeal this case to the district court.

¶3 On March 31, 2000, Boucher, his attorney and the county attorney appeared in Justice James' court and discussed the possibility of amending the charge to DUI *per se* and some

2

of the ramifications of a guilty plea. The State amended the original complaint and Boucher entered a plea of guilty to a DUI *per se* violation, under § 61-8-406, MCA, by telephone conversation with Justice James on April 3, 2000. Justice James testified she did not recall whether she had reiterated or discussed waiver of Boucher's right to appeal over the telephone at the time he changed his plea. The court issued a written judgment memorializing the sentence, which was mailed to Boucher. The judgment included the following statement:

> The Defendant may appeal this Judgment to the district court by filing written notice of the appeal within ten days.

¶4 Boucher then learned that as a result of his guilty plea his driving privileges would be revoked in the State of Washington where he worked on a temporary construction job. On April 7, 2000, Boucher filed a motion in Justice Court to withdraw his plea, stating the following basis:

> The plea was entered with the [Defendant's] understanding that he could continue driving. Subsequent events of no fault of any of the parties have proven this to be impossible.

The Justice Court denied Boucher's motion.

¶5 On April 12, 2000, Boucher filed a *pro se*, hand-written notice to the District Court of an appeal "to [his] guilty plea." The State immediately moved to dismiss the appeal. Boucher, with the assistance of counsel, filed a response to the motion, alleging that his plea was not knowing or voluntary because he had not been apprised by the Justice of the Peace at the time he entered the plea on April 3, 2000, that he was waiving his right to appeal.

3

¶6 At the hearing held on September 14, 2000, the District Court reviewed the Justice Court's denial of Boucher's motion to withdraw his plea. The court found Boucher had been informed at the time of his initial appearance on November 12, 1999, that a guilty plea waived the right to a trial and appeal. The court also found that Justice James admonished Boucher on several occasions that any collateral consequences of his guilty plea, specifically including the effect on his driving privileges in Washington, were unknown to the court and would have to be determined exclusively by Boucher with the assistance of counsel. The court noted that the Justice of the Peace did not make mention of any right to appeal the judgment when Boucher entered his guilty plea by telephone.

¶7 The District Court concluded that Boucher entered his guilty plea knowingly, voluntarily and intelligently. Further, the court held that the Justice Court's oral judgment, which contained no mention of any right to appeal, controlled over the subsequent written judgment, which stated that the defendant could appeal within 10 days. On the issue of jurisdiction, the court concluded Boucher was not entitled to appeal to the district court as a matter of law and granted the State's motion to dismiss.

¶8 Boucher filed a notice of appeal from the District Court's dismissal of his appeal. On October 20, 2000, the District Court stayed Boucher's sentence pending the outcome of the appeal to this Court.

¶9 The threshold issue before this Court is whether the District Court has jurisdiction to review a postconviction denial of a motion to withdraw a guilty plea in Justice Court. The

4

underlying issue is whether the District Court correctly concluded that Boucher entered his guilty plea in Justice Court voluntarily.

## STANDARD OF REVIEW

¶10 Whether to dismiss a claim based on lack of subject matter jurisdiction is a question of law. We review a district court's conclusions of law to determine if they are correct. *In re Marriage of Skillen*, 1998 MT 43, ¶ 9, 287 Mont. 399, ¶ 9, 956 P.2d 1, ¶ 9. A district court may permit the withdrawal of a guilty plea for good cause. Section 46-16-105(2), MCA. This Court reviews denial of a motion to withdraw a guilty plea for abuse of discretion. *State v. Bowley* (1997), 282 Mont. 298, 304, 938 P.2d 592, 595.

I

¶11 *Did the District Court have jurisdiction to review a postconviction denial of a motion to withdraw a guilty plea in Justice Court?*

¶12 The issue of a court's subject matter jurisdiction may be presented at any time. *Balyeat Law, PC v. Pettit,* 1998 MT 252, ¶ 15, 291 Mont. 196, ¶ 15, 967 P.2d 398, ¶ 15. A party can never waive or consent to subject matter jurisdiction where there is no basis for the court to exercise jurisdiction. *In re Marriage of Skillen,* ¶ 10. Pursuant to § 46-17-203(2), MCA, entry of a guilty plea in justice court waives a defendant's right to a trial *de novo* in district court. This Court recently held there is no statutory right of appeal from a justice court's order denying a motion to withdraw a guilty plea. *State v. Feight*, 2001 MT 205, ¶ 22, 306 Mont. 205, ¶ 22, 33 P.3d 623, ¶ 22; *State v. Fox*, 2001 MT 209, ¶ 17, 306 Mont. 353, ¶ 17, 34 P.3d 484, ¶ 17.

5

¶13 The State asserts on appeal that the District Court lacked subject matter jurisdiction over Boucher's appeal because Montana law does not provide for an appeal to district court after a defendant enters a plea of guilty in a court of limited jurisdiction. Boucher acknowledges that a defendant who enters a guilty plea in justice court waives the right of trial *de novo* in district court, pursuant to § 46-17-203(2), MCA, but contends his guilty plea is not valid, and challenges the Justice Court's acceptance of the plea on the grounds that his plea and waiver were not entered voluntarily. Boucher cites *State v. Waymire* (1987), 226 Mont. 406, 736 P.2d 106, for the proposition that reason, justice and public policy dictate that an appeal of a guilty plea in justice court may be tried anew in district court provided the appeal is properly perfected.

¶14 In *State v. Waymire*, the Court addressed two separate cases where defendants sought to withdraw their guilty pleas. Jeffery Waymire alleged that the justice court entered a plea on his behalf but without his consent. The other defendant, Charles Metcalf, voluntarily entered a guilty plea in justice court but was dissatisfied with his sentence. Although the defendants presented very different legal issues, we held that the remedy for both was trial *de novo* in district court. *Waymire*, 226 Mont. at 408-09, 736 P.2d at 108.

¶15 Following the *Waymire* decision, the Legislature limited the right of appeal from courts of limited jurisdiction by amending § 46-17-311, MCA, in 1991 to read, in pertinent part:

> **Appeal from justices', municipal, and city courts.** (1) Except . . . for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases

6

on appeal from a justice's or city court must be tried anew in the district court . . . (2) The defendant may appeal to the district court by filing written notice of intention to appeal within 10 days after *a* judgment is rendered *following trial. . . .*

Sec. 217, Ch. 800, L. 1991 (words of amendment in italics). Subsequently, we determined § 46-17-311(2), MCA, as amended, procedurally requires adjudication of a matter by trial in a justice or city court as a prerequisite to an appeal in district court for a trial *de novo*. *Feight,* ¶ 15. We also held that § 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction. *Feight,* ¶ 15. At present, unless a specific issue has been preserved for appeal prior to final judgment, our laws provide no appeal from a plea of guilty or *nolo contendere* entered in a court of limited jurisdiction. *Feight,* ¶ 12. Accordingly, a motion to withdraw a guilty plea may be granted or denied at the discretion of a justice or city court that has original jurisdiction, with no right of direct appeal.

¶16 On appeal to this Court, the State argues that after the Justice of the Peace denied Boucher's request to withdraw his guilty plea, Boucher's remedy was to petition the District Court for postconviction relief on the grounds that his conviction in Justice Court was based on an involuntary plea. We agree.

¶17 Section 46-21-101(2), MCA, states that a defendant who has exhausted all appeal remedies provided by law may seek relief from a sentence by filing a petition for postconviction relief with the district court in the county where the court of limited jurisdiction is located. Postconviction relief is available when the sentence violates state law, the Montana Constitution or the Constitution of the United States. Section 46-21-

7

101(1), MCA. A postconviction hearing is not another form of appeal from a criminal case, but a separate civil proceeding aimed at vacating, setting aside or correcting a sentence. *Coleman v. State* (1981), 194 Mont. 428, 433, 633 P.2d 624, 627. The right to postconviction relief is available to a defendant whose sentence was imposed by a justice, municipal or city court. *State v. Christensen* (1994), 265 Mont. 374, 377, 877 P.2d 468, 469.

¶18 Recently, in *State v. Liefert*, 2002 MT 48, ¶ 8, 309 Mont. 19, ¶ 8, ___ P.3d ___, ¶ 8, the State invited this Court to deem an appeal as a petition for postconviction relief in order to exercise subject matter jurisdiction over the denial of Liefert's motion to withdraw a plea entered in justice court. We did so, but did not determine whether a petition for post-conviction relief is proper in similarly situated cases. *Liefert*, ¶ 8. The instant controversy presents such a similarly situated case.

¶19 The District Court correctly determined as a matter of law that Boucher had no right to appeal the Justice Court's denial of his motion to withdraw his guilty plea. However, given the contrary instructions regarding the appeals process issued by the Justice of the Peace, the fact that justice court is not a court of record, and the nature of Boucher's constitutional challenge to the validity of his plea, the District Court held an evidentiary hearing to establish a factual basis for ruling on issues raised.

¶20 The absence of an appellate remedy and the constitutional claims asserted establish Boucher's eligibility to pursue postconviction relief in accordance with § 46-21-101, MCA. In view of this right and consistent with our holdings in *Christensen* and *Liefert*, we deem

8

Boucher's appeal to the District Court as a petition for postconviction relief and the District Court proceedings as the functional equivalent of a postconviction hearing. We now address the District Court's finding that Boucher's plea was entered voluntarily.

**II**

¶21 *Did the District Court correctly conclude that Boucher entered his guilty plea in Justice Court knowingly and voluntarily?*

¶22 In light of the importance of the constitutional rights and protections waived by a guilty plea, the plea must be a voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant. *State v. Radi* (1991), 250 Mont. 155, 159, 818 P.2d 1203, 1206 (*citing North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162). The defendant must be aware of the rights waived, which include the right to a speedy and public trial by jury, the right to effective assistance of counsel, the right to confront and cross-examine witnesses, the right to testify and have witnesses testify, the right not to be compelled to incriminate oneself, the right to have charges proved beyond a reasonable doubt, and the right to appeal a finding of guilty. *State v. Yother* (1992), 253 Mont. 128, 130, 831 P.2d 1347, 1348.

¶23 Because the voluntary nature of a guilty plea is crucial to the integrity of the judicial process, numerous statutes set forth procedural requirements for a valid plea. *See* §§ 46-12-204, 46-12-210, 46-12-212 and 46-16-105(1), MCA. If these requirements are not met, the court may not accept the plea, and the case must be either dismissed or tried on its merits. Section 46-12-204 (2), MCA, states:

The court may not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecutor and the defendant or the defendant's attorney.

¶24 Additional procedural safeguards to insure that a plea entered in a court of limited jurisdiction is voluntary are outlined in § 46-17-203(2), MCA, which states:

A plea of guilty or nolo contendere in a justice's court, city court, or other court of limited jurisdiction waives the right of trial de novo in district court. A defendant must be informed of the waiver before the plea is accepted, and the justice or judge shall question the defendant to ensure that the plea and waiver are entered voluntarily.

More explicitly, "the court shall determine that the defendant understands . . . there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial." Section 46-12-210(1)(e), MCA. A court may permit a defendant to withdraw his guilty plea at any time, before or after judgment, for good cause shown. Section 46-16-105(2), MCA.

¶25 To determine whether good cause existed and whether a court abused its discretion by denying a defendant's motion to withdraw a guilty plea, we consider three factors: (1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempts to withdraw the plea; and (3) whether the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. *Bowley*, 282 Mont. at 304, 938 P.2d at 595. The fundamental purpose of allowing the

10

withdrawal of a guilty plea is to guard against the conviction of an innocent person. *State v. Schaff*, 1998 MT 104, ¶ 17, 288 Mont. 421, ¶ 17, 958 P.2d 682, ¶ 17 (*citing Bowley*, 282 Mont. at 303-04, 938 P.2d at 595). If there is any doubt that a plea was involuntary, the doubt should be resolved in favor of defendant. *Schaff*, ¶ 17 (*quoting State v. McAllister* (1934), 96 Mont. 348, 353, 30 P.2d 821, 823).

¶26    Boucher's challenge is based solely on the adequacy of the Justice Court's advisement regarding Boucher's waiver of his appeal rights, as required by § 46-17-203(2), MCA, and § 46-12-210(1)(e), MCA. Boucher maintains that he was confused about his right to appeal and did not realize he was waiving his appeal right at the time he entered his guilty plea. He further contends that the Justice of the Peace neither informed nor questioned him at the time he changed his plea over the telephone to make certain that he understood the consequences of his waiver. Justice James testified at the hearing in District Court that she did not recall discussing Boucher's waiver at the time he entered his plea on April 3, 2000, and relied upon the statement signed five months earlier on November 12, 1999, signifying Boucher understood he would waive his right to appeal for a trial *de novo* in district court if he pleaded guilty.

¶27    The Justice Court was required to determine that Boucher understood he waived certain constitutional rights, including the right to a trial and appeal, pursuant to § 46-12-210(1), MCA. The court accomplished this at Boucher's initial appearance by having Boucher acknowledge in writing that he understood the waivers he would make if he

11

pleaded guilty. Months later, the State amended the complaint and Boucher changed his plea to guilty. Section 46-17-203(2), MCA, states: "A defendant must be informed of the waiver before the plea is accepted, and the justice or judge shall *question the defendant to ensure that the plea and waiver are entered voluntarily.*" This statute gives the clear impression that the justice court is to inform the defendant about the waiver of the right to appeal and ascertain that the defendant understands the waiver at the time a guilty plea is entered and before the court accepts the plea.

¶28 Boucher entered a plea of not guilty at his initial appearance. Accordingly, he waived no constitutional rights on November 12, 1999, when he signed the waiver acknowledgment form provided by the court. Boucher's waiver occurred only after the State amended the charge and when he changed his plea to guilty in April 2000. Prior to accepting the change of plea, the court is required to "question the defendant to ensure the plea and waiver are entered voluntarily." According to the testimony of Justice James, she did not reiterate the information the court provided five months earlier concerning Boucher's constitutional rights and failed to question Boucher regarding his understanding of the waiver at the time Boucher changed his plea. Consequently, we conclude that the court's colloquy was inadequate and good cause existed to permit Boucher to withdraw his guilty plea.

¶29 Since any doubt about whether a plea was voluntary should be resolved in favor of the defendant, we hold that the District Court, under these facts, erred by not allowing Boucher to withdraw his guilty plea. Therefore, we reverse Boucher's guilty plea, and remand this

12

matter to the Justice Court for further proceedings in regard to the charge against Boucher for driving under the influence of alcohol.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

13

Justice James C. Nelson specially concurs.

¶30   I concur in our Opinion. I write separately, however, to strongly urge the Legislature to amend §§ 46-17-203, MCA, and 46-17-311, MCA, in the manner hereafter suggested.

¶31   Our Opinion sets out the history of the 1991 amendment to § 46-17-311, MCA, which limits the right of appeal to district courts from courts of limited jurisdiction. Section 46-17-311(2), MCA, restricts this right of appeal to those cases where the defendant has first been tried in the limited jurisdiction court. Our Opinion also traces our recent cases interpreting § 46-17-311(2), MCA, which, faithful to the plain and unambiguous language of this statute, hold that there is no statutory right of appeal to the district court from a justice court's order denying a motion to withdraw a guilty plea.

¶32   While that is the law, as the author of all three of our controlling opinions--*Feight*, *Fox*, and *Liefert*--I have no hesitancy in saying that this statutory scheme is flawed to the extent that it denies direct appeals to the district courts from the limited jurisdiction courts in cases involving the denial of a defendant's motion to withdraw his or her guilty plea on the ground that the plea was not voluntary. My rationale for this conclusion is as follows.

¶33   It is common knowledge that many defendants who plead guilty to offenses in Montana's courts of limited jurisdiction do so without the benefit of counsel. In my experience, the judges of these courts typically do a good job ensuring that pleas are voluntarily entered as required by § 46-17-203(2), MCA, and explaining to the accused the consequences of a guilty plea as required by § 46-17-203(1)(b), MCA, and § 46-12-210,

14

MCA. Notwithstanding, the fact remains that some of these defendants inevitably fail to fully understand and appreciate the importance of the rights they are waiving by pleading guilty and the consequences that may follow from their plea.

¶34 As our Opinion points out, the law is absolutely clear that any guilty plea, to be constitutionally effective, must be voluntary, knowing and intelligent. *Radi*, 250 Mont. at 159, 818 P.2d at 1206. To this end, § 46-17-203(2), MCA, specifically requires the limited jurisdiction court judge or justice to inform the defendant of the waiver of the right of appeal by trial *de novo* imposed by this section, before accepting a plea of guilty or *nolo contendere*. Additionally, the judge or justice must question the defendant "to ensure that the plea and waiver are entered voluntarily." *See also* H.B. 454, 51st Leg., Sec. 3; Chap. 277, L. 1989, which added subsection (2) to § 46-17-203, MCA (Committee minutes and exhibits clearly demonstrate the legislators' and proponents' concern regarding voluntariness and that the entire scheme depends upon the voluntariness of a defendant's plea).

¶35 When, however, voluntariness of a guilty plea becomes an issue--and it does with some regularity in all trial courts--then there must be a process for appellate review of the magistrate's decision denying the defendant's motion to withdraw his or her plea of guilty. While that is not a problem where the plea is entered in a district court proceeding, it is where the plea is entered in a court of limited jurisdiction. This is so by reason of a combination of three factors: First, under Article VII, Section 4(2), of Montana's Constitution, trial *de novo* in district court is the only means of appeal from the courts of limited jurisdiction,

15

unless the Legislature provides otherwise. *See also* § 46-17-311(1), MCA. Second, under § 46-17-203(2), MCA, a guilty plea waives trial *de novo* in district court. And, third, under § 46-17-311(2), MCA, a limited jurisdiction court defendant has no statutory right of appeal to the district court unless he or she has first been tried in the lower court. In other words, by reason of the combined provisions of Article VII, Section 4(2), § 46-17-203(2), MCA, and § 46-17-311(2), MCA, a district court judge has no authority to judicially review by way of direct appeal, a limited jurisdiction court judge's or justice's decision to deny a defendant's motion to withdraw his or her guilty plea on grounds of voluntariness. *Feight*, ¶¶ 11-22; *Fox*, ¶¶ 8-16.

¶36 This scheme results in an anomaly. A defendant who receives a trial but is unhappy with the outcome can receive an entirely new trial in the district court. On the other hand, a defendant who pleads guilty in a court of limited jurisdiction has no opportunity for a new trial or for appeal even if his plea was constitutionally invalid. In addition, a defendant who pleads guilty under this scheme also has no opportunity for an *independent* review of the voluntariness of his or her plea (aside from the less-than-adequate remedy of postconviction relief, as discussed below) because the only review allowed is that before the same judge who accepted the plea in the first place.

¶37 The case at bar presents a good example of why an independent judicial review of the voluntariness of a plea is necessary. Here, the Justice Court abused its discretion by denying Boucher's initial motion to withdraw his guilty plea. Boucher's plea was not voluntary,

16

knowing and intelligent. His plea was constitutionally invalid. Notwithstanding, under the present statutory scheme, Boucher has no avenue to directly appeal the denial of his motion to withdraw his guilty plea. And, that brings us to our decision in *Liefert*.

¶38 Consistent with the statutory scheme which the Legislature has enacted and absent any defendant, to date, challenging the constitutionality of the aforementioned strictures on direct appeal imposed by §§ 46-17-203(2), MCA and 46-17-311(2), MCA, we treated a limited jurisdiction court defendant's "appeal" to the district court from the denial of his motion to withdraw his guilty plea as a petition for postconviction relief under § 46-21-101, MCA. *See Liefert*, ¶ 8. Despite having done so in that case and in the one at bar, I do not believe that postconviction relief is the appropriate remedy, however.

¶39 Postconviction relief is a civil proceeding involving a collateral attack on the defendant's conviction, rather than a direct appeal. *State v. Garner*, 1999 MT 295, ¶ 19, 297 Mont. 89, ¶ 19, 990 P.2d 175, ¶ 19. Being a civil proceeding on collateral review, an indigent defendant has no right to appointed counsel except under the narrow circumstances set out in § 46-21-201(2), MCA. Such a defendant would have the right to appointed counsel on a direct appeal. *State v. Rardon*, 2001 MT 77, ¶ 3, 305 Mont. 78, ¶ 3, 22 P.3d 1132, ¶ 3. Additionally, we have held that a defendant is entitled to counsel during a "critical stage" of the criminal proceeding--i.e. where there is potential substantial prejudice to the defendant. *State v. Finley* (1996), 276 Mont. 126, 145, 915 P.2d 208, 220 *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. In my view, the stage at

17

which a criminal defendant seeks to withdraw his guilty plea on the basis of constitutional invalidity is a "critical stage" of the proceedings implicating the right to counsel.[1]

¶40    Furthermore, the postconviction process--which is designed for collateral review following appeal--is, on the one hand, cumbersome in that the defendant must file a verified petition supported by affidavits, records and other documents, §§ 46-21-103 and 46-21-104, MCA, yet, on the other hand, this process gives the defendant a year to challenge his plea, § 46-21-102, MCA, in contrast to the ten days for a direct appeal allowed by § 46-17-311(2), MCA.

¶41    Moreover, review on appeal would allow the defendant challenging the voluntariness of his or her plea a hearing, similar to the procedure where the defendant preserves issues of law for review under § 46-12-204(3), MCA, and § 46-17-311(1), MCA. *See also State v. Barker* (1993), 260 Mont. 85, 89-92, 858 P.2d 360, 362-64; *State ex rel. Wilson v. District Court* (1995), 270 Mont. 449, 893 P.2d 318. In contrast, a defendant is not entitled to a hearing in a postconviction proceeding unless the district court grants a hearing at its discretion. Section 46-21-201(1)(a), MCA. Again, keeping in mind that a guilty plea must be voluntary, intelligent and knowing, it is hard to conclude that these constitutional imperatives are statutorily protected by a scheme that forces the defendant to utilize a

---

[1] I acknowledge that we held in *State v. Garner*, 2001 MT 222, 306 Mont. 462, 36 P.3d 346 (*Garner II*), that a hearing on a motion to withdraw a guilty plea is not a critical stage of the proceedings. I continue to believe that our decision was in error. And, the great weight of federal and state jurisprudence supports my conclusion. *See Garner II*, ¶ 59 (Nelson, J., dissenting). This case presents one more real-life example of why *Garner II* should be overruled to that extent.

18

cumbersome civil proceeding which allows the reviewing court discretion to appoint counsel and hold a hearing.

¶42    Finally, subsection (2) of § 46-21-101, MCA, is anomalous in that it restricts the filing of postconviction petitions by defendants from sentences imposed by the courts of limited jurisdiction to situations where the defendant has exhausted all appeal remedies provided by law. As already noted, defendants who plead guilty or *nolo contendere* in the courts of limited jurisdiction have no appeal remedies to exhaust. Sections 46-17-203(2), MCA and 46-17-311(2), MCA.

¶43    To remedy these defects and anomalies, I suggest that the Legislature statutorily provide an exception to §§ 46-17-203(2), MCA and 46-17-311(1) & (2), MCA, to give the district courts authority to entertain direct appeals from the courts of limited jurisdiction in cases where the defendant claims that his or her plea was not voluntary. The district courts should have authority to appoint counsel, hold a hearing, and then enter appropriate findings of fact, conclusions of law and a decision affirming or reversing the limited jurisdiction court judge's or justice's denial of the defendant's motion to withdraw the guilty plea. If the district court reverses the decision of the limited jurisdiction court judge, then the case would be remanded for trial in the lower court. Alternatively, the district court's decision could be appealed to this Court.

¶44    In sum, I suggest that the present statutory scheme is flawed in the foregoing respects and may well be subject to legal challenge. Under Article VII, Section 4(2), of Montana's

19

Constitution the Legislature can--and should--remedy this situation. Accordingly, I urge the Legislature to statutorily provide criminal defendants who seek to withdraw an involuntary guilty plea entered in a court of limited jurisdiction an avenue of direct appeal to the district courts.

_____
Justice

Justice W. William Leaphart joins in the foregoing special concurrence.

_____
Justice

20

Justice Jim Regnier Concurring.

¶45 I concur with the Court's analysis in the second issue and I agree with the result reached by the Court on the jurisdictional issue. However, once again, I disagree with the "postconviction relief" formula employed by the Court to establish jurisdiction with the District Court.

¶46 Within the last seven months, this very jurisdictional issue has appeared before this Court on several occasions, and, in all likelihood, the inquiry will not end with this case.[1] Yet, in the short time since October of 2001, the majority has established nothing short of an elusive jurisdictional target for practitioners to hit.

¶47 In *Feight*, *Fox*, and *Kempin* the Court applied a rigid construction of § 46-17-311, MCA, to prohibit the respective appeals from justice court to district court on jurisdictional grounds. In *Liefert*, in order to circumvent its own narrow jurisdictional construction, the Court deemed Liefert's appeal from justice court to district court a petition for postconviction relief so that it might address another substantive argument raised in the appeal. Curiously, while *Feight*, *Fox*, and *Liefert* raised identical issues, i.e., whether a district court can review a denial of a motion to withdraw a guilty plea in justice court, the majority reached an entirely different result in *Liefert* than it did in *Feight* and *Fox* based on its postconviction relief concoction.

---

[1] *See State v. Feight*, 2001 MT 205, 306 Mont. 312, 33 P.3d 623; *State v. Fox*, 2001 MT 209, 306 Mont. 353, 34 P.3d 484; *State v. Kempin*, 2001 MT 313, 308 Mont. 17, 38 P.3d 859; *State v. Liefert*, 2002 MT 48, 309 Mont. 19, 43 P.3d 329; and the case at bar.

¶48 Finally, in the case at bar, the Court reinforces the notion that "a motion to withdraw [a] guilty plea may be granted or denied at the discretion of a justice or city court that has original jurisdiction, with no right of direct appeal." However, the Court states that "[t]he absence of an appellate remedy and the constitutional claims asserted establish Boucher's eligibility to pursue postconviction relief in accordance with § 46-21-101, MCA." Yet, by justifying this postconviction relief fiction in light of the "absence of an appellate remedy," the Court impliedly validates Justice Cotter's intimation that the Court has "so little confidence in [*Feight's*] correctness that [it] must devise methods to avoid its consequences . . . ." *Liefert*, ¶ 34 (Cotter, J., specially concurring).

¶49 Unfortunately, with today's holding, the majority has once again bypassed an opportunity to revisit the ill-conceived precedent established in *Feight*. I believe that there currently exists statutory authority which sanctions a defendant's right to appeal a denial of a motion to withdraw a guilty plea in justice court, aside from the postconviction relief placebo conjured by the *Feight* majority. In my view, defendants are entitled to appeal a justice court's denial of their motion to withdraw a guilty plea pursuant to §§ 3-5-303 and 46-20-104, MCA, as outlined in my dissent in *Feight*.

¶50 I believe the majority's postconviction relief justification perpetuates the inequitable ambiguity created by *Feight* and its successors by injecting a "means to an end" solution into this arena. For the sake of those laboring to abide by its rule of law, the majority would be better served to employ a consistent, objective analysis on this jurisdictional issue involving

courts of limited jurisdiction so as to preserve the integrity of our judicial system. To date, it has not done so.

¶51 Consequently, as stated above, I concur with the ultimate result articulated by the majority. However, the jurisdictional justification should be premised on a defendant's statutory right of appeal promulgated by the Legislature in §§ 3-5-303 and 46-20-104, MCA.

_____
Justice

Justice Patricia O. Cotter joins in the foregoing concurrence.

_____
Justice