IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 00-431

2001 MT 77

_____

OPINION AND ORDER

STATE OF MONTANA)

Plaintiff and Respondent,

v.

WILLIAM LESTER RARDON,

Defendant and Appellant.

_____

¶ 1 The Defendant and Appellant in this action, William Lester Rardon, acting *pro se*, has filed with this Court a document entitled "Appellant's Brief," in which he requests legal counsel for purposes of this appeal. The State of Montana, through the Attorney General's office, has filed a brief in response. Appellant's Brief is hereby deemed a motion for appointment of counsel.

¶ 2 On March 18, 1997, the State of Montana charged Rardon by Information with one count of sexual intercourse without consent and two counts of sexual assault in the Eleventh Judicial District, Flathead County. On June 12, 1997, Rardon pled guilty to one count of sexual assault pursuant to a written plea agreement, and the remaining charges were dismissed. The District Court entered judgment and sentence, and this Court subsequently reversed and remanded for re-sentencing in *State v. Rardon,* 1999 MT 220,

296 Mont. 19, 986 P.2d 424. On April 4, 2000, the Eleventh Judicial District Court entered a second Judgment and Sentence against Rardon. On April 5, 2000, Rardon's court-appointed attorney filed and served Rardon with a Notice of Entry of Judgment and Notice of Termination of Attorney/Client Relationship, citing Rule 12(f), Eleventh Judicial District Court Rules. There is no indication in the record whether the District Court granted leave for Rardon's court-appointed attorney to withdraw as counsel or whether the court appointed new counsel. On May 16, 2000, Rardon filed a *pro se* Notice of Appeal. On July 18, 2000, this Court issued an order denying Rardon's request for appointment of counsel, based upon the mistaken impression, gleaned from his *pro se* filings, that he was already represented by counsel on appeal.

¶ 3 A criminal defendant has a constitutional right to counsel on a direct appeal. *State v. Black* (1990), 245 Mont. 39, 798 P.2d 530. Rardon's appeal herein is made from his re-sentencing in the District Court, ordered on remand by this Court in *State v. Rardon*, supra, and thus, is a direct appeal for which he is entitled to counsel.

¶ 4 Section 46-8-103, MCA, requires that assigned counsel continue to represent a defendant until final judgment, including any proceeding upon direct appeal to this Court, unless relieved by order of the court that assigned counsel to the case. That obligation of representation was not satisfied by the filing in the district court of a "Notice of Termination of Attorney/Client Relationship" by Rardon's court-appointed counsel.

¶ 5 The Court notes that Rardon's "Appellant's Brief" appears to allege that he received ineffective assistance of counsel during his re-sentencing by the District Court. Consequently, assumption of representation by the Appellate Defender's Office in this matter may be appropriate pursuant to § 46-8-212, MCA. Therefore,

¶ 6 IT IS HEREBY ORDERED that this cause is remanded to the Eleventh Judicial District Court, Flathead County, for a determination of whether Rardon's court-appointed counsel should be allowed to withdraw. If withdrawal is approved, the District Court shall enter an order appointing other appropriate counsel to represent Rardon on his appeal. If necessary, the District Court may determine whether Rardon remains eligible by way of indigence for court-appointed counsel.

¶ 7 IT IS FURTHER ORDERED that upon entry of such determination by the District Court, Rardon shall have 30 days in which to file a new brief on appeal. Thereafter, all briefing will continue pursuant to the Montana Rules of Appellate Procedure, and the State

may supplement its brief in response to Appellant's brief if it elects to do so.

¶ 8 The Clerk of the Montana Supreme Court is directed to return the District Court file to the Flathead County Clerk of Court solely for purposes of that court's determination of the above issues. Immediately after the court enters an order concerning Rardon's appellate counsel, the file shall be returned to the Clerk of this Court for continuation of this appeal.

¶ 9 The Clerk is further directed to provide copies of this Order to counsel of record; to the Honorable Katherine R. Curtis, presiding judge; to Rardon personally the Montana State Prison; and to the Office of the Appellate Defender.

DATED this 26th day of April, 2001.

/S/ KARLA M. GRAY

/S/ JIM RICE

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER