JUSTICE NELSON
specially concurs.
¶30 I concur in our Opinion. I write separately, however, to strongly urge the Legislature to amend §§ 46-17-203, MCA, and 46-17-311, MCA, in the manner hereafter suggested.
¶31 Our Opinion sets out the history of the 1991 amendment to § 46-17-311, MCA, which limits the right of appeal to district courts from courts of limited jurisdiction. Section 46-17-311(2), MCA, restricts this right of appeal to those cases where the defendant has first been tried in the limited jurisdiction court. Our Opinion also traces our recent cases interpreting § 46-17-311(2), MCA, which, faithful to the plain and unambiguous language of this statute, hold that there is no statutory right of appeal to the district court from a justice court’s order denying a motion to withdraw a guilty plea.
¶32 While that is the law, as the author of all three of our controlling opinions-Feigiií, Fox, and Liefert-1 have no hesitancy in saying that this statutory scheme is flawed to the extent that it denies direct appeals to the district courts from the limited jurisdiction courts in cases involving the denial of a defendant’s motion to withdraw his or her guilty plea on the ground that the plea was not voluntary. My rationale for this conclusion is as follows.
¶33 It is common knowledge that many defendants who plead guilty to offenses in Montana’s courts of limited jurisdiction do so without the benefit of counsel. In my experience, the judges of these courts typically do a good job ensuring that pleas are voluntarily entered as required by § 46-17-203(2), MCA, and explaining to the accused the consequences of a guilty plea as required by § 46-17-203(1)(b), MCA, *524 and § 46-12-210, MCA. Notwithstanding, the fact remains that some of these defendants inevitably fail to fully understand and appreciate the importance of the rights they are waiving by pleading guilty and the consequences that may follow from their plea.
¶34 As our Opinion points out, the law is absolutely clear that any guilty plea, to be constitutionally effective, must be voluntary, knowing and intelligent. Radi, 250 Mont. at 159, 818 P.2d at 1206. To this end, § 46-17-203(2), MCA, specifically requires the limited jurisdiction court judge or justice to inform the defendant of the waiver of the right of appeal by trial de novo imposed by this section, before accepting a plea of guilty or nolo contendere. Additionally, the judge or justice must question the defendant “to ensure that the plea and waiver are entered voluntarily.” See also H.B. 454, 51st Leg., Sec. 3; Chap. 277, L. 1989, which added subsection (2) to § 46-17-203, MCA (Committee minutes and exhibits clearly demonstrate the legislators’ and proponents’ concern regarding voluntariness and that the entire scheme depends upon the voluntariness of a defendant’s plea).
¶35 When, however, voluntariness of a guilty plea becomes an issue-and it does with some regularity in all trial courts-then there must be a process for appellate review of the magistrate’s decision denying the defendant’s motion to withdraw his or her plea of guilty. While that is not a problem where the plea is entered in a district court proceeding, it is where the plea is entered in a court of limited jurisdiction. This is so by reason of a. combination of three factors: First, under Article VII, Section 4(2), of Montana’s Constitution, trial de novo in district court is the only means of appeal from the courts of limited jurisdiction, unless the Legislature provides otherwise. See also § 46-17-311(1), MCA. Second, under § 46-17-203(2), MCA, a guilty plea waives trial de novo in district court. Aid, third, under § 46-17-311(2), MCA, a limited jurisdiction court defendant has no statutory right of appeal to the district court unless he or she has first been tried in the lower court. In other words, by reason of the combined provisions of Article VII, Section 4(2), § 46-17-203(2), MCA, and § 46-17-311(2), MCA, a district court judge has no authority to judicially review by way of direct appeal, a limited jurisdiction court judge’s or justice’s decision to deny a defendant’s motion to withdraw his or her guilty plea on grounds of voluntariness. Feight, ¶¶ 11-22; Fox, ¶¶ 8-16.
¶36 This scheme results in an anomaly. A defendant who receives a trial but is unhappy with the outcome can receive an entirely new trial in the district court. On the other hand, a defendant who pleads guilty in a court of limited jurisdiction has no opportunity for a new trial or for appeal even if his plea was constitutionally invalid. In addition, a *525 defendant who pleads guilty under this scheme also has no opportunity for an independent review of the voluntariness of his or her plea (aside from the less-than-adequate remedy of postconviction relief, as discussed below) because the only review allowed is that before the same judge who accepted the plea in the first place.
¶37 The case at bar presents a good example of why an independent judicial review of the voluntariness of a plea is necessary. Here, the Justice Court abused its discretion by denying Boucher’s initial motion to withdraw his guilty plea. Boucher’s plea was not voluntary, knowing and intelligent. His plea was constitutionally invalid. Notwithstanding, under the present statutory scheme, Boucher has no avenue to directly appeal the denial of his motion to withdraw his guilty plea. And, that brings us to our decision in Liefert.
¶38 Consistent with the statutory scheme which the Legislature has enacted and absent any defendant, to date, challenging the constitutionality of the aforementioned strictures on direct appeal imposed by §§ 46-17-203(2), MCA and 46-17-311(2), MCA, we treated a limited jurisdiction court defendant’s “appeal” to the district court from the denial of his motion to withdraw his guilty plea as a petition for postconviction relief under § 46-21-101, MCA. See Liefert, ¶ 8. Despite having done so in that case and in the one at bar, I do not believe that postconviction relief is the appropriate remedy, however.
¶39 Postconviction relief is a civil proceeding involving a collateral attack on the defendant’s conviction, rather than a direct appeal. State v. Garner, 1999 MT 295, ¶ 19, 297 Mont. 89, ¶ 19, 990 P.2d 175, ¶ 19. Being a civil proceeding on collateral review, an indigent defendant has no right to appointed counsel except under the narrow circumstances set out in § 46-21-201(2), MCA. Such a defendant would have the right to appointed counsel on a direct appeal. State v. Rardon, 2001 MT 77, ¶ 3, 305 Mont. 78, ¶ 3, 22 P.3d 1132, ¶ 3. Additionally, we have held that a defendant is entitled to counsel during a “critical stage” of the criminal proceeding-i.e. where there is potential substantial prejudice to the defendant. State v. Finley (1996), 276 Mont. 126, 145, 915 P.2d 208, 220 overruled on other grounds by State v. Gallagher, 2001 MT 39,304 Mont. 215, 19 P.3d 817. In my view, the stage at which a criminal defendant seeks to withdraw his guilty plea on the basis of constitutional invalidity is a “critical stage” of the *526 proceedings implicating the right to counsel.[1]
¶40 Furthermore, the postconviction process-which is designed for collateral review following appeal-is, on the one hand, cumbersome in that the defendant must file a verified petition supported by affidavits, records and other documents, §§ 46-21-103 and 46-21-104, MCA, yet, on the other hand, this process gives the defendant a year to challenge his plea, § 46-21-102, MCA, in contrast to the ten days for a direct appeal allowed by § 46-17-311(2), MCA.
¶41 Moreover, review on appeal would allow the defendant challenging the voluntariness of his or her plea.a hearing, similar to the procedure where the defendant preserves issues of law for review under § 46-12-204(3), MCA, and § 46-17-311(1), MCA. See also State v. Barker (1993), 260 Mont. 85, 89-92, 858 P.2d 360, 362-64; State ex rel. Wilson v. District Court (1995), 270 Mont. 449, 893 P.2d 318. In contrast, a defendant is not entitled to a hearing in a postconviction proceeding unless the district court grants a hearing at its discretion. Section 46-21-201(1)(a), MCA. Again, keeping in mind that a guilty plea must be voluntary, intelligent and knowing, it is hard to conclude that these constitutional imperatives are statutorily protected by a scheme that forces the defendant to utilize a cumbersome civil proceeding which allows the reviewing court discretion to appoint counsel and hold a hearing.
¶42 Finally, subsection (2) of § 46-21-101, MCA, is anomalous in that it restricts the filing of postconviction petitions by defendants from sentences imposed by the courts of limited jurisdiction to situations where the defendant has exhausted all appeal remedies provided by law. As already noted, defendants who plead guilty or nolo contendere in the courts of limited jurisdiction have no appeal remedies to exhaust. Sections 46-17-203(2), MCA and 46-17-311(2), MCA.
¶43 To remedy these defects and anomalies, I suggest that the Legislature statutorily provide an exception to §§ 46-17-203(2), MCA and 46-17-311(1) & (2), MCA, to give the district courts authority to entertain direct appeals from the courts of limited jurisdiction in cases where the defendant claims that his or her plea was not voluntary. The district courts should have authority to appoint counsel, hold a *527 hearing, and then enter appropriate findings of fact, conclusions of law and a decision affirming or reversing the limited jurisdiction court judge’s or justice’s denial of the defendant’s motion to withdraw the guilty plea. If the district court reverses the decision of the limited jurisdiction court judge, then the case would be remanded for trial in the lower court. Alternatively, the district court’s decision could be appealed to this Court.
¶44 In sum, I suggest that the present statutory scheme is flawed in the foregoing respects and may well be subject to legal challenge. Under Article VII, Section 4(2), of Montana’s Constitution the Legislature can-and should-remedy this situation. Accordingly, I urge the Legislature to statutorily provide criminal defendants who seek to withdraw an involuntary guilty plea entered in a court of limited jurisdiction an avenue of direct appeal to the district courts.
JUSTICES LEAPHART joins in the foregoing special concurrence.

 I acknowledge that we held in State v. Garner, 2001 MT 222, 306 Mont. 462, 36 P.3d 346 (Garner II), that a hearing on a motion to withdraw a guilty plea is not a critical stage of the proceedings. I continue to believe that our decision was in error. And, the great weight of federal and state jurisprudence supports my conclusion. See Garner II, ¶ 59 (Nelson, J., dissenting). This case presents one more real-life example of why Garner II should be overruled to that extent.