No. 02-726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 375N

KEVIN RAY PATTON,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.


APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and for the County of Missoula, Cause No. DV 2002-173
                  The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

           Kristina Guest, Appellate Defender Office, Helena, Montana

      For Respondent:

           Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli, Assistant
           Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County
           Attorney, Missoula, Montana


                       Submitted on Briefs:  October 30, 2003

                              Decided: December 30, 2003

Filed:

                                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kevin Ray Patton (Patton) appeals the judgment of the Fourth Judicial District Court, Missoula County, denying his petition for post-conviction relief.

¶3 We reverse and remand for further proceedings consistent with this Opinion.

¶4 We address the following issues on appeal:

¶5 1. Did the District Court err in finding that Patton's petition for post-conviction relief was not timely filed?

¶6 2. Is a petition for post-conviction relief the appropriate remedy?

¶7 3. Is there sufficient evidence in the record to support an out-of-time appeal?

## FACTUAL AND PROCEDURAL BACKGROUND

¶8 On November 7, 1996, Patton was convicted by jury trial of sexual intercourse without consent.

¶9 After his jury trial, Patton requested Mark McLaverty (McLaverty), his then-court-appointed counsel, to begin the necessary paperwork for his appeal.

¶10 On February 5, 1997, Patton was sentenced to 40 years in the Montana State Prison. After being sentenced, Patton again told McLaverty that he wanted to appeal. Unbeknownst

2

to Patton, on the same day Patton was sentenced, the Missoula County Public Defender's Office closed Patton's file--a full week before the District Court entered its written judgment.

¶11 On February 26, 1997, McLaverty wrote Patton a letter, attaching with it a copy of his Judgment. In the letter, McLaverty advised Patton to review the Judgment and retain it for his records, while further advising him to follow all of the conditions set forth in the Judgment.

¶12 On August 8, 1997, after being transferred to the Montana State Prison where he had access to legal materials, Patton filed a *pro se* notice of appeal. The District Court then responded in a letter to Patton, telling Patton that he needed to contact McLaverty regarding the viability of his appeal. The District Court also advised Patton that he may contact William F. Hooks (Hooks), the State Appellate Defender, if McLaverty believed Patton's appeal was frivolous. If Hooks agreed to represent Patton on his appeal, the District Court stated that Hooks would be appointed if needed. The District Court sent a copy of this response letter to McLaverty.

¶13 On several different occasions, Patton wrote to Hooks, requesting information on the status of appeal. Hooks twice responded, stating that he could not advise Patton, as he was not appointed as his attorney. Consequently, Patton filed another *pro se* notice of appeal on August 3, 2000. At this time, the District Court sent Patton's file to the Clerk of the Supreme Court.

¶14 On May 1, 2001, the Appellate Defender's Office filed a brief on Patton's behalf. The State of Montana (State) filed its response brief on June 29, 2001, acknowledging "that

3

Patton's pro se appeal should be treated as filed when it was delivered to the custody of the clerk of court in August 1997."

¶15 On November 15, 2001, this Court entered an order dismissing Patton's appeal on the basis that it did not warrant out-of-time consideration.

¶16 On February 19, 2002, Patton filed a petition for post-conviction relief, which the District Court denied on September 18, 2002, as untimely.

¶17 Patton now appeals the District Court's judgment denying his petition for post-conviction relief.

## STANDARD OF REVIEW

¶18 We review a district court's grant or denial of a petition for post-conviction relief to determine whether the findings are clearly erroneous and whether the conclusions of law are correct. *Griffin v. State*, 2003 MT 267, ¶ 7, 317 Mont. 457, ¶ 7, 77 P.3d 545, ¶ 7.

## DISCUSSION

¶19 Because we hold that Issues 1 and 2 are dispositive of this case, we decline to address Patton's third issue.

¶20 **1. Did the District Court err in finding that Patton's petition for post-conviction relief was not timely filed?**

¶21 Patton argues that his petition for post-conviction relief was timely, given that he filed a notice of appeal on August 8, 1997, and it was not until he filed a second notice of appeal on August 2, 2000, that the District Court sent Patton's file to the Clerk of this Court. Consequently, this Court did not make a determination on his notice of appeal until

4

November 15, 2001, at which time, Patton maintains his conviction became final under § 46-21-102(1)(b), MCA. As such, his petition for post-conviction relief was timely because it was filed on February 19, 2002, within the applicable one-year time frame.

¶22 The State contends that Patton had to file his petition for post-conviction relief within one year of his conviction becoming final. Specifically, the State maintains that Patton's conviction became final when the time for appeal to this Court expired, under § 46-21-102(1)(a), MCA. Hence, Patton only had until April 24, 1998, to file his petition for post-conviction relief, and since he did not file his petition until February 19, 2002, the District Court correctly found that his petition was time-barred.

¶23 We agree with Patton that his petition for post-conviction relief was timely filed. Under § 46-21-102(1), MCA, a petition for post-conviction relief must be filed within one year after a petitioner's conviction becomes final. A conviction becomes final when:

(a) the time for appeal to the Montana supreme court expires;
(b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

Section 46-21-102(1)(a) through (c), MCA.

¶24 Here, Patton twice told McLaverty that he wanted him to begin work on his appeal. However, unbeknownst to Patton, the Missoula County Public Defender's Office closed his file a full week before the District Court entered its written judgment regarding Patton's sentence. In a letter to Patton, McLaverty advised Patton to follow the conditions set forth

in the attached Judgment. However, McLaverty did not advise Patton whether he had filed a notice of appeal, nor did he advise Patton about the appeal process in general.

¶25 Only after Patton had access to legal materials did he file a *pro se* notice of appeal on August 8, 1997. However, this notice sat in limbo from August 8, 1997, until August 3, 2000, because instead of either ruling the appeal was untimely or ordering the Clerk of the District Court to submit the record to this Court, the District Court sent Patton a letter informing him that he needed to contact McLaverty. The District Court took no further action until Patton filed a second *pro se* notice of appeal on August 3, 2000, and requested transcripts. It was not until this second filing that the District Court sent Patton's file to the Clerk of this Court.

¶26 Patton filed his opening brief on May 1, 2001. The State responded, admitting that Patton had filed a sufficient notice of appeal on August 8, 1997. Consequently, we did not make a determination on his notice of appeal until November 15, 2001, at which time we dismissed his appeal as not warranting out-of-time consideration. Thus, it was not until we dismissed Patton's appeal, that his conviction became final, under § 46-21-102(1)(b), MCA. The fact that Patton's appeal was dismissed because we ruled that it did not warrant out-of-time consideration is no different from an appeal which is dismissed on other procedural grounds--failure to submit the record or preserve an issue for consideration, for example. As a practical matter, Patton could not have filed his petition for post-conviction relief any earlier because his case was pending appeal to this Court with the consequence that the District Court (where the post-conviction petition would have had to have been filed under

6

§ 46-21-101(1), MCA), had lost jurisdiction. *See In re Marriage of Dreesbach* (1994), 265 Mont. 216, 228, 875 P.2d 1018, 1025.

¶27 Consequently, Patton's petition for post-conviction relief, filed on February 19, 2002, was within the one-year time frame set forth in § 46-21-102(1), MCA. Therefore, we hold that the District Court erred in denying Patton's petition for post-conviction relief on the basis that the petition was time barred.

¶28 **2. Is a petition for post-conviction relief the appropriate remedy?**

¶29 Patton argues that because McLaverty closed Patton's file against Patton's repeated requests that McLaverty file a notice of appeal, he properly raised his claims in a petition for post-conviction relief, pursuant to this Court's holdings in *Hans v. State* (1997), 283 Mont. 379, 942 P.2d 674, and *Petition of Hans*, 1998 MT 7, 288 Mont. 168, 958 P.2d 1175.

¶30 The State does not dispute that McLaverty had an obligation to consult with Patton regarding a possible appeal. However, the State maintains that Patton's petition for post-conviction relief fails to establish, as required under § 46-21-104(1)(c), MCA, the existence of "all facts" supporting his contention that McLaverty did not fulfill his obligation.

¶31 Given that we hold that Patton's petition for post-conviction relief was timely filed, we agree also that Patton's petition was appropriate.

¶32 In *Hans*, defendant's counsel filed a notice of appeal, but the appeal was never perfected. Hans wrote to his counsel, informing him that Hans's father was retaining new counsel for him, but Hans's counsel never heard back from Hans, his father, or new counsel. Consequently, Hans's counsel withdrew Hans's appeal without consulting Hans or advising

7

him of his right to appointed counsel for his appeal. *Hans*, 283 Mont. at 408, 942 P.2d at 691.

¶33    In reviewing Hans's ineffective assistance of counsel claim, we noted that "[t]he right to counsel on appeal includes the right to effective assistance of counsel." *Hans*, 283 Mont. at 408, 942 P.2d at 692 (citing *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493). We also noted that abandonment of a party's case is a "*per se* violation of the Sixth Amendment." *Hans*, 283 Mont. at 409, 942 P.2d at 692. In order to clarify the confusion created by our holdings in *State v. Finney* (1997), 281 Mont. 58, 931 P.2d 1300 (defendant's due process rights not violated if defendant is denied an appeal but afforded a remedy in post-conviction proceedings), and *Tecca v. McCormick* (1990), 246 Mont. 317, 806 P.2d 11 (defendant's post-conviction claims limited to those that could not have been raised on appeal), we held that "all claims foreclosed from appeal because of counsel's abandonment on appeal may be raised in a post-conviction petition." *Hans*, 283 Mont. at 410, 942 P.2d at 693. We further clarified this holding in *Petition of Hans*, wherein we held:

> [I]n the future, a defendant whose counsel has abandoned his or her appeal should raise, in one petition for post-conviction relief, the claim that counsel was ineffective in abandoning the appeal, all claims that could have been raised on direct appeal, *and* all claims that would normally be appropriate in a petition for post-conviction relief, including challenges to the validity of the sentence under § 46-21-101, MCA, and other ineffective assistance claims.

*Petition of Hans*, ¶ 19.

¶34   Here, again, Patton told McLaverty to begin the necessary paperwork for his appeal. The Missoula County Public Defender's Office, however, closed Patton's file the same day as Patton's sentencing hearing, which was a full week before the District Court entered its written judgment. Patton was unaware of this and was not advised of such action in the letter he received from McLaverty on February 26, 1997. Patton was also not advised in this letter whether McLaverty had filed a notice of appeal, nor was he informed about the appeal process in general.

¶35   It is clear from the record that Patton wished his counsel, McLaverty, to file an appeal. It is also clear that McLaverty and the Missoula Public Defender's Office completely abrogated their responsibilities to continue Patton's defense by way of appeal as required under § 46-8-103, MCA, and our decision in *State v. Rardon*, 2001 MT 77, ¶ 4, 305 Mont 78, ¶ 4, 22 P.3d 1132, ¶ 4. Purely and simply, McLaverty abandoned Patton's appeal. And, to make matters worse, the District Court allowed this matter to languish. Moreover, in retrospect, it would have been better if we had simply granted Patton an out-of-time appeal. We did not, however. Regardless of all of this, Patton did all that he could to preserve his right of judicial review of his conviction and sentence. He should not, therefore, bear the brunt of the complete break down of the people and institutions that were obligated to protect his right of appeal.

¶36   As we held in *Hans* and *Petition of Hans*, the remedy for the abandonment of an appeal by counsel is a petition for post-conviction relief. In this petition, Patton is allowed to raise all claims that were foreclosed by McLaverty's abandonment and all claims that are

9

typically raised in a petition for post-conviction relief. Therefore, we remand Patton's petition to the District Court for an evidentiary hearing.

## CONCLUSION

¶37     We reverse the District Court's finding that Patton's petition for post-conviction relief was time-barred, and we remand for an evidentiary hearing on the petition and further proceedings consistent with this Opinion.

¶38     Reversed and Remanded.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ PATRICIA COTTER

Justice Jim Rice dissenting.

¶39    I dissent.  First, we have already decided this case.  Secondly, in deciding to revisit

our holding, the Court errs in the application of the law.

¶40    In our order in *State v. Patton*, No. 00-767 (issued November 15, 2001), dismissing

Patton's appeal, we stated:

> While Patton implies that his public defender improperly declined to pursue
> the appeal, Patton provides no evidence to support this contention other than
> Judge Larson's letter and various statements by Patton that he would appeal
> this charge.  More significantly, in [*State v.*] *Swan* [(1982), 199 Mont. 459,
> 649 P.2d 1297], the defendant made several attempts to perfect his appeal in
> the years following his conviction.  *See Swan*, 199 Mont. at 461, 649 P.2d at
> 1298.  Here, following his initial notice of appeal, Patton took no action for
> three years.  On this basis we decline to allow this out-of-time appeal.

¶41    The substance of Patton's claim–that his late appeal should be allowed because his

attorney failed to honor his request to appeal–has been reviewed and adjudicated by this

Court.  Our earlier determination that Patton was not entitled to an out-of-time appeal is *res*

*judicata*.

¶42    Patton's newly revised version of his dilemma does not change the dispositive facts:

in August 1997, *six months* after he was sentenced, Patton sent a letter to the District Court

requesting that the judge "review my case and all testimony" and stating "I request a new

trial." Patton made no allegations in his lengthy letter regarding his attorney's failure to

respond, appeal or otherwise assist him.  Those allegations–on which the Court grants relief

without requiring that they be proven–surfaced for the first time three years later, when he

filed his petition with this Court.  In denying the petition, we noted that "Patton took no

11

action for three years," and concluded therefrom that Patton's effort was insufficient to justify an out-of-time appeal. (Cause No. 00-767, November 15, 2001 Order.) We contrasted Patton's actions with the diligent effort of the defendant in *State v. Swan* (1982), 199 Mont. 459, 461, 649 P.2d 1297, 1302, to whom an out-of-time appeal was granted. (Cause No. 00-767, November 15, 2001 Order.) In that regard, *see also State v. Tweed*, 2002 MT 286, ¶¶ 6-8, 312 Mont. 482, ¶¶ 6-8, 59 P.3d 1105, ¶¶ 6-8, wherein we noted defendant's diligent efforts in granting an out-of-time appeal.

¶43 That should be the end of the matter, and the District Court's order dismissing Patton's postconviction petition should be affirmed. However, setting aside our prior holding, the Court undertakes another review of Patton's claim, and, in so doing, erroneously applies the law.

¶44 In ¶ 26, the Court concludes that Patton's conviction did not become "final," and thus, his time for filing a postconviction petition did not begin to run, until we issued our order dismissing Patton's appeal on November 15, 2001. At that point, however, Patton's appeal was more than three years late, and therefore, untimely–as we specifically held in our order. Clearly, the limitation period for filing a postconviction petition cannot be established or re-set by the filing of a late appeal. Pursuant to § 46-21-102(a), MCA, Patton's time for filing a postconviction proceeding expired one year after his time for an appeal to this Court expired, and, because the judgment in his case was entered in the special window of time created by the 1997 amendments to that statute, Patton's time for filing a postconviction petition was extended thereunder to April 24, 1998. *See* Montana Session Laws (1997), Ch.

12

378, Sec. 9. Patton's filing of an untimely appeal years later did not affect the running of this statutory limitation period.

¶45     I dissent.


/S/ JIM RICE


Chief Justice Karla M. Gray joins in the dissent of Justice Rice.

/S/ KARLA M. GRAY