FILED

December 30 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0273

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 326N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PASCAL REDFERN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-509
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Pascal Redfern (self-represented); Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Susan E. Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  November 23, 2011

Decided:  December 30, 2011

Filed:

_____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pascal Redfern appeals from the dismissal, by the Fourth Judicial District Court, Missoula County, of the appeal from his convictions in Justice Court of driving while license suspended and for failing to carry proof of insurance. He claims that his counsel's ineffective assistance led to the dismissal of his appeal, and also challenges his convictions on the merits. Due to irregularities and omissions in the proceedings regarding the status of Redfern's appointed counsel, we reverse the dismissal of Redfern's appeal and remand for further proceedings.

¶3 Redfern appealed to the District Court on November 22, 2010. The District Court scheduled a trial on November 29, 2010, and a pre-trial conference on November 24, 2010. According to court minutes, Redfern appeared at the pre-trial conference and requested a continuance of the trial date to have more time for preparation. The District Court thus continued the trial, rescheduled the pre-trial conference for December 9, 2010, and "directed the Defendant to go to the Public Defenders [sic] office today and apply for their services." At the December 9 pre-trial conference, the minutes indicate that Redfern appeared and "[a]lso present was Public Defender Ed Sheehy." Sheehy advised the court

that Redfern's application for appointment of counsel had been submitted, but that because Redfern was self-employed, his tax returns would also be required, and they had not yet been received. The minutes indicate that the court directed Redfern to submit his tax returns and scheduled an omnibus hearing for December 30, 2010.

¶4 On December 20, 2010, Public Defender Myshell Uhl appeared as Redfern's counsel and, the next day, moved for continuance of the omnibus hearing due to a conflict in her schedule. The District Court entered an order granting the motion and ordering that "the Status Hearing currently set for Thursday, December 30, 2010 at 10:30 a.m. is vacated and continued to 1-13-11 at 10:30 a.m." Uhl sent a letter, dated December 19, to Redfern notifying him that she had been assigned to represent him, advising him of the hearing on December 30 and that his appearance was required, and asking him to contact her office to make an appointment with her prior to that hearing. A copy of the letter, signed by Uhl, is attached to Redfern's brief on appeal. The letter did not advise Redfern of Uhl's scheduling conflict, nor that she would move for a continuance of the hearing.

¶5 Redfern's brief indicates that he contacted Uhl's office in response to her letter but that no appointment was scheduled before December 30, that Uhl sought the continuance without consulting him, and that, therefore, Redfern filed a "Notice of Ineffective Counsel Objection to Move of Status Conference" on January 6. An unsigned copy of such a document is attached to Redfern's brief. It states, in part:

> Since the Order of this Court granting defendant the use of the public
> defender, I have yet as of this date, January 6, to meet with any counsel to

3

discuss my case. . . . [Redfern explains his attempts to contact counsel.] I get an Order from the Court just after Christmas dated December 22 stating that the conference was moved from December 30 to January 13, again, without any consultation with me. If this is how the public defender's office works, I tremble at those defendants who really need representation. *I, hereby, file my first claim of ineffective counsel due to lack of communication*, and object to the moving of the December 30th date without my approval.

(Emphasis added.) This document is not contained in the District Court record and, thus, we have no record of its actual filing. However, the court minutes for the January 13, 2011 omnibus hearing, conducted seven days later and attended by Redfern, state that "the Court advised counsel of a letter received from the Defendant and a discussion was held amongst the parties on the Defendant making an appointment with the Public Defender's Office." No other document which would constitute the "letter" referred to by the minutes is contained in the District Court file. Neither is there any indication of any action taken in response to Redfern's complaint. We note that the State does not object or otherwise mention Redfern's attachment of this document and his discussion about it in his brief. The court rescheduled the omnibus hearing for January 27, 2011.

¶6      Redfern appeared with Uhl at the omnibus hearing on January 27, 2011. The minutes indicate that the court ordered the omnibus memorandum to be filed and set a trial scheduling conference for March 10, 2011. Although this date is recorded in the minutes, Redfern states that he was not given notice about this conference and, further, was not notified that Public Defender Paulette Ferguson would appear instead of Uhl for the conference. The minutes for the March 10 conference indicate that Ferguson appeared for Uhl, but say nothing about Redfern's presence. Redfern states that he did

not attend the conference, and notes correctly that the record reflects no objection by the County Attorney to his absence. Ferguson indicated that a requested police report had not been provided by the State and, upon Ferguson's motion, the trial scheduling conference was continued to April 14, 2011. The minutes indicate that copies of the minutes were sent to the State and the Public Defender's office.

¶7 On April 6, 2011, an Omnibus Hearing Memorandum was filed. It was signed by counsel for the State and by Uhl, and counsel stipulated to its entry, which was ordered by the District Court. Redfern states he was not contacted about the filing or contents of this document, having had no communication with his counsel between January 27 and the dismissal of his appeal. The Omnibus Memorandum states that the Defendant would file no pretrial motions, which Redfern argues did not reflect his wishes. The Omnibus Memorandum further states:

### XI. APPOINTMENT OF COUNSEL

As the court-appointed counsel for the Defendant, I acknowledge that this appointment includes the trial of this matter in District Court, post-trial motions, sentencing and, absent specific permission to withdraw, an appeal to the Montana Supreme Court if the Defendant elects to appeal and I do not deem such an appeal to be frivolous. In the event the Defendant wishes to proceed with an appeal I believe has no merit, I will proceed pursuant to the provisions of 46-8103(2) [sic], MCA. If the Defendant elects not to appeal, the Defendant and I will sign a written notice of "Election Not to Appeal" and I will file the "Election Not to Appeal" with the Court.

¶8 At the trial scheduling conference on April 14, 2011, Uhl appeared but Redfern did not. The minutes indicate that the State moved to dismiss the appeal for Redfern's failure to appear, and the District Court granted the motion. On May 9, 2011, Redfern

5

filed a "Motion for Reinstatement of Appeal Trial" which asked the District Court to "reconsider the dismissal of the defendant's appeal." This motion explained that Redfern was not notified of the conference by his counsel, that he had no communication with his counsel about the preparation of the Omnibus Memorandum, and that it was the Justice Court, not his counsel, which had advised him that his appeal had been dismissed. The motion states that Uhl's secretary told Redfern that, under office policy, a letter should have been sent to him after he missed the March 10 hearing, and that the secretary did not understand why this was not done. The motion indicates that Redfern set up an appointment with Uhl to discuss the dismissal and confronted her at that time about her handling of the case. Redfern filed a notice of appeal two days later, on May 11, 2011, and the District Court could then take no action on his request for reconsideration.

¶9 When a defendant raises an ineffective assistance claim before the court, which by all appearances occurred here, "a district court must conduct an adequate initial inquiry in order to determine whether the allegations are seemingly substantial." *State v. Edwards*, 2011 MT 210, ¶ 29, 361 Mont. 478, 260 P.3d 396 (citations omitted). "Where a district court fails to conduct 'even a cursory inquiry,' the inquiry is inadequate and remand is justified." *Edwards*, ¶ 29 (citation omitted). It may be that the court made such an inquiry at the January 13 omnibus hearing, but the minutes simply do not reflect that. The record reflects Redfern's attendance at all proceedings through January 27, after which he claims he received no notices and had no communication with his counsel. The Omnibus Memorandum states that the defendant would file no motions, which Redfern

states was done without his knowledge or consent. Importantly, the Memorandum reiterates counsel's statutory and constitutional obligation to represent Redfern throughout the proceeding, including on an appeal to this Court, unless obtaining permission to withdraw or filing an "Election Not to Appeal" signed by counsel and Redfern. *See State v. Rardon*, 2001 MT 77, ¶¶ 3-4, 305 Mont. 78, 22 P.3d 1132 (internal citation omitted) ("A criminal defendant has a constitutional right to counsel on a direct appeal. . . . Section 46-8-103, MCA, requires that assigned counsel continue to represent a defendant until final judgment, including any proceeding upon direct appeal to this Court, unless relieved by order of the court that assigned counsel to the case."). That did not happen—Redfern is representing himself on appeal, despite there being no record of his counsel being relieved of her duties.

¶10 Although the record is admittedly sparse, our review leads us to the conclusion that reversal and remand is necessary. It is not clear that an "initial inquiry" was made into Redfern's initial ineffectiveness claim, that the dismissal of his case was not due to his counsel's failure to notify him, and that his counsel was properly relieved of her continuing obligation to represent him. Upon remand, the District Court will conduct an inquiry, as provided by case law, into Redfern's complaints concerning his representation by the Public Defender. *See e.g. Edwards*, ¶ 29; *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016. Upon resolution of the issue of Redfern's representation, the matter may proceed to trial or other disposition in the normal course.

7

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Reversed and remanded for further proceedings in accordance herewith.

¶12

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS