DA 13-0233

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 128N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

PASCAL REDFERN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-509
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Pascal Redfern, self-represented; Sidney, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss;
Assistant Attorney General; Helena, Montana

      Fred Van Valkenberg, Missoula County Attorney; Jordan Kilby, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs:  April 9, 2014
Decided:  May 13, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Pascal Redfern (Redfern) appeals from the Judgment of the Fourth Judicial District Court, Missoula County, on his conviction for the offenses of driving with a suspended or revoked license (Count I) and operating a motor vehicle without valid liability insurance in effect (Count II) in violation of §§ 61-5-212(1)(i), 61-6-301(4), MCA.  We affirm.

¶3      This case began on April 25, 2010, when Trooper Strauch of the Montana Highway Patrol initiated a traffic stop and cited Redfern for the two aforementioned offenses.  Redfern proceeded to trial in Justice Court on November 12, 2010, and, following a bench trial, the court found him guilty of both offenses.  The court also held Redfern in contempt for accusing Trooper Strauch of being dishonest and sentenced him to three days in jail as punishment.

¶4      Redfern then appealed his conviction to the District Court.  Following a series of continuances, the court dismissed the case for Redfern's failure to appear at a scheduling conference.  Redfern appealed his dismissal to this Court.  In *State v. Redfern*, 2011 MT 326N, 363 Mont. 417 (Table), we reversed the District Court and remanded for further

proceedings "[d]ue to irregularities and omissions in the proceedings regarding the status of Redfern's appointed counsel." *Redfern*, ¶ 2.

¶5 Thereafter, Redfern received appointed counsel and moved to continue his trial. On February 7, 2013, Redfern filed a petition for writ of review regarding the Justice Court's November 12, 2010 contempt order. The District Court denied the petition, finding that it was both untimely and moot. Redfern also moved to dismiss the case on the ground that Trooper Strauch lacked particularized suspicion to initiate a traffic stop. On February 22, 2013, the day of Redfern's trial, the District Court held a hearing and denied Redfern's motion to dismiss. Redfern then expressed a desire to represent himself at trial. The court agreed to allow him to proceed *pro se,* but with his attorney serving as standby counsel.

¶6 The District Court then made a number of pre-trial and trial rulings. Pertinent here, the court instructed Redfern not to discuss "mental state" or use the terms "purposefully and/or knowingly" in front of the jury. Redfern was also warned not to mention that he was pulled over by Trooper Strauch for "speeding." The District Court explained to Redfern that he would be held in contempt if he failed to abide by these rulings. After opening statements, the State argued to the court that Redfern had "inferred that there was something wrong with the traffic stop." Agreeing with the State, the District Court determined to hold Redfern in contempt and admonished him not to mention the reason for the traffic stop again. The jury subsequently convicted Redfern on both counts.

3

¶7　Following trial, the District Court informed Redfern that his contempt would be addressed at sentencing. On March 15, 2013, the court imposed a $500 fine on Redfern for his contempt, but stayed its imposition "until the other aspects of the case are resolved." The Court filed its Judgment on April 11, 2013, sentencing Redfern to six months in jail on Count I with all but two days suspended, and six months on Count II, all suspended, to run consecutively with Count I. The District Court stayed the two days of unsuspended jail time on Count I to "see how the Defendant performs on the remainder of his sentence." The court also ordered Redfern to forfeit his driver's license, vehicle registration, and license places for a period of 180 days, and ordered him to pay fines and costs related to Trooper Strauch's overtime pay, which the District Court awarded in lieu of prosecution costs. The court did not award Redfern the costs associated with his prior appeal to this Court.

¶8　In his present appeal, Redfern argues that the District Court committed reversible error on a number of issues. First, Redfern maintains that the District Court should not have denied his petition for writ of review of the Justice Court's contempt order as untimely. Second, he claims the District Court erred by denying his motion to dismiss for lack of particularized suspicion and making evidentiary rulings limiting his arguments at trial. Third, he argues that the District Court erred by holding him in contempt. Last, he contends that he should not have been ordered to pay the "costs of judgment" nor denied the costs associated with his earlier appeal to this Court.

¶9 M. R. App P. 12(1)(f) provides in pertinent part: "The brief of an appellant shall contain . . . the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on." An appellant's arguments must be contained within the appellate brief, and not within some other document. *State v. Ferguson*, 2005 MT 343, ¶ 41, 330 Mont. 103, 126 P.3d 463. "'The mere reference to arguments and authorities presented in district court proceedings is no substitute for developing and presenting appellate arguments.'" *State v. Cybulski*, 2009 MT 70, ¶ 14, 349 Mont. 429, 204 P.3d 7 (citation omitted). Simply alluding to arguments contained within sources outside an appellant's brief "is entirely improper." *Cybulski*, ¶ 14. Indeed, we will not refer to documents in the record in an attempt to ascertain a party's arguments on appeal. "[I]t is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position." *Cybulski*, ¶ 13.

¶10 Throughout his brief, Redfern variously states that "appellant will not repeat the legal arguments mentioned in his brief and reply brief before the District Court." Consequently, Redfern largely fails to cite any relevant legal authority in his appellate brief to this Court. In those few instances where Redfern does cite a case or a statute, he offers little or no analysis as to why the particular rule applies to the facts of this case.

¶11 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, Redfern has failed to adequately brief the issues and has failed to carry the burden of establishing reversible error.

5

¶12 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON

6